IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ROBERT CLARK and TRISHA CLARK,**                                **PLAINTIFFS**
**Husband and Wife**

vs.                              No. 4:14-cv-*0411-JLH*

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 15 2014

JAMES W. McCORMACK, CLERK
By: _____
                                                                      DEP CLERK

**R.U.M., INC, Individually and d/b/a**
**SHILOH CREEK APARTMENTS; and**
**RENTDEBT AUTOMATED COLLECTION SERVICES, LLC**            **DEFENDANTS**

## PLAINTIFFS' ORIGINAL COMPLAINT

This case assigned to District Judge *Holmes*
and to Magistrate Judge *Kearney*

   COME NOW Plaintiffs Robert Clark and Trisha Clark (hereinafter referred to as

"the Clarks"), by and through their attorneys Josh Sanford and Allison Koile of Sanford

Law Firm, PLLC, and for their Original Complaint against R.U.M., Inc. (hereinafter

referred to as "R.U.M."), individually and d/b/a Shiloh Creek Apartments (hereinafter

referred to as "Shiloh Creek Apartments"); and RentDebt Automated Collection Services,

LLC (hereinafter individually referred to as "RentDebt"), and in support thereof do hereby

state and allege as follows:

## I.

## PARTIES, JURISDICTION AND VENUE

   1.   This is an action for damages brought by Plaintiffs under tort law of the

State of Arkansas, including claims for wrongful/illegal eviction, violations of Arkansas

Landlord/Tenant Law, conversion, abuse of process, malicious prosecution, defamation,

constructive fraud, negligence, violations of the Arkansas Deceptive Trade Practices Act, and for violations of federal law, specifically the Fair Debt Collection Practices Act.

2.      In order to provide an accurate view of the claims alleged and the perpetrating party, Plaintiffs provide the following table:

| CLAIM | R.U.M. | RENTDEBT |
|---|---|---|
| Wrongful Eviction | X | |
| Landlord/Tenant Law | X | |
| Conversion | X | |
| Abuse of Process | X | |
| Malicious Prosecution | X | |
| Defamation | X | |
| Constructive Fraud | X | X |
| Negligence | | X |
| ADTPA | X | X |
| FDCPA | | X |

3.      The Clarks currently reside at 2612 South Elm Street, Paris, Arkansas 72855, and are residents of Logan County, Arkansas.

4.      During the initial acts complained of herein, Plaintiffs were residents of Pope County, Arkansas.

5.      R.U.M. is an Arkansas Corporation located in Fort Smith, Arkansas, whose registered agent for service is Jimmy D. Meadows at 6308 Riley Park Drive, Fort Smith, Arkansas 72916.

6.      R.U.M. is the owner of Shiloh Creek Apartments, an apartment complex located at 802 Limestone Circle, Russellville, Arkansas 72802.

7.      Shiloh Creek Apartments is situated in the Western Division of the Eastern District of Arkansas.

8.     RentDebt is a foreign limited liability company, licensed to do business in the state of Arkansas, with its principal place of business located at 2802 Opryland Drive, Nashville, Tennessee 37214.

9.     RentDebt's registered agent for service in Arkansas is Incorp Services, Inc., 16 West Center Street, Fayetteville, Arkansas 72701.

10.    RentDebt operates primarily to purchase and/or collect debts, and does so using the United States Postal Service, as well as the telephone, and regularly attempts to collect debts alleged to be due to another and therefore is and has been at all relevant times herein a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11.    Jurisdiction of this Court arises under 15 U.S.C. § 1692(k)(d) and 28 U.S.C. § 1337, in order to secure the relief authorized by the FDCPA, 15 U.S.C. §1692, et seq. Section 1692k(d) provides that jurisdiction lies in the Courts of the United States at the discretion of the aggrieved party.

12.    Moreover, the Eastern District of Arkansas has concurrent jurisdiction over all other claims herein based on all the underlying causes of action, including violations of the Arkansas Deceptive Trade Practices Act.

13.    The United States District Court for the Eastern District of Arkansas, Western Division, has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331.

14.    Additionally, the acts complained of herein were committed and had their principal effect against Plaintiffs within the Eastern District of Arkansas, Western Division; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## II.

## STATEMENT OF FACTS

15.     At all relevant times herein, R.U.M., Inc., individually and d/b/a Shiloh Creek Apartments maintained a place of business in Arkansas.

16.     At all relevant times herein, RentDebt Automated Debt Collections was and is a foreign corporation maintaining business in the State of Arkansas.

17.     Defendant R.U.M. individually and d/b/a Shiloh Creek Apartments violated Arkansas law by illegally/wrongfully evicting Plaintiffs.

18.     Defendant R.U.M. individually and d/b/a Shiloh Creek Apartments violated Arkansas Landlord Tenant law by illegally/wrongfully evicting Plaintiffs and committing the torts of conversion and malicious prosecution.

19.     Defendant R.U.M. individually and d/b/a Shiloh Creek Apartments violated Arkansas law by committing the tort of conversion

20.     Defendant R.U.M. individually and d/b/a Shiloh Creek Apartments violated Arkansas law by committing the tort of abuse of process.

21.     Defendant R.U.M. individually and d/b/a Shiloh Creek Apartments violated Arkansas law by committing malicious prosecution.

22.     Defendant R.U.M. individually and d/b/a Shiloh Creek Apartments violated Arkansas law by committing defamation.

23.     Defendants R.U.M. individually and d/b/a Shiloh Creek Apartments and RentDebt violated Arkansas law by committing constructive fraud.

24.     Defendant RentDebt violated Arkansas and Federal law by committing

negligence.

25.     Defendants R.U.M., Shiloh Creek Apartments, and RentDebt violated the Arkansas Deceptive Trade Practices Act.

26.     Defendant RentDebt violated the Fair Debt Collection Practices Act.

27.     On or about May 1, 2013, Plaintiffs entered into a contract with Shiloh Creek Apartments, a complex owned and operated by R.U.M., for the lease of an apartment located at 817 Sandstone Circle, Apartment 7, Russellville, Arkansas, 72802 (hereinafter referred to as the "*Lease*"). A true and correct copy of the *Lease* is attached hereto as Exhibit "A" and incorporated by reference as if set forth word for word herein.

28.     The *Lease* establishes the terms of the rental agreement, including that rent in the amount of five hundred and fifty dollars ($550.00) is to be paid by 5:00 p.m. on the fourth day of each month.

29.     Plaintiffs occupied the apartment, without incident, during the months of May, June and part of July.

30.     Plaintiffs paid their rent in accordance with the *Lease* terms.   True and correct copies of records reflecting the payments for May, June and July are attached hereto as Exhibit "B" and incorporated by reference.

31.     On the 18th day of July, 2013, R.U.M., Inc., individually and d/b/a Shiloh Creek Apartments served the Clarks with a notice to vacate the premises.

32.     The notice to vacate specifically states that the eviction was served for failure to pay rent under Arkansas Code Annotated § 18-16-101.  A true and correct copy of the notice to vacate is attached hereto as Exhibit "C" and incorporated by reference.

33.     Arkansas Code Annotated § 18-16-101 sets forth the remedies available to a rental property owner for failure to pay rent--Refusal to vacate upon notice

34.     On August 2, 2013, Robert Clark was cited by the Pope County District Court for Failure to Vacate.  A true and correct copy of this citation is attached hereto as Exhibit "D" and incorporated by reference.

35.     On August 7, 2013, Defendant R.U.M. unlawfully locked out Plaintiffs from their apartment with many possession remaining inside.

36.     On August 20, 2013, Robert Clark appeared in the Pope County District Court at which time the charge against him referred in Paragraph 34 was dismissed. A true and correct copy of the docket entry from the district court is attached hereto as Exhibit "D."

37.     Due to the wrongful actions of Defendant R.U.M. individually and d/b/a Shiloh Creek Apartments, Plaintiffs were forced to relocate, causing them to incur costs which include, but are not limited to, a storage unit, moving fees, deposit and an air condition unit.   Furthermore, these wrongful actions caused the Clarks to lose possession of several personal effects, including priceless family furniture.

38.     On or about May 15, 2014, an employee or agent of RentDebt left a voicemail with Plaintiffs in which the employee or agent failed to identify RentDebt as a collection agency attempting to collect a debt.

39.     On or about June 21, 2014, RentDebt sent to Plaintiffs an Account Transaction History.  On the back of this Transaction History was a sheet stating "see the following information for your state of residence." This sheet includec information

pertaining to specific states, but did not include a consumer's rights under Arkansas or Federal law.

40.    In this notice, RentDebt Automated Collections alleged that Plaintiffs owed a sum of $3,226.95 to R.U.M. individually and d/b/a Shiloh Creek Apartments for the following: forfeit deposit ($100.00); rent due through October of 2013 ($1,550.00); damages new carpet/trash out/no keys/hole in wall/extra cleaning ($1,020.95); and a relet fee ($550.00). A true and correct copy of the notices from RentDebt Automated Collections is attached hereto as Exhibit "F."

41.    As a direct and proximate result of Defendants' violations of the aforementioned law, Plaintiffs have suffered damages, incurred attorneys' fees and costs, and Plaintiffs are reasonably expected to incur future additional reasonable attorneys' fees and expert witness fees and costs in this action.

### III.

### CAUSES OF ACTION

### COUNT I:  ILLEGAL/WRONGFUL EVICTION

42.    Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

43.    As stated herein above, Plaintiffs were served with a notice of eviction under Ark. Code Ann. § 18-16-101.  This statute reads, in part, "Any person who shall rent any dwelling house or other building or any land situated in the State of Arkansas and who shall refuse or fail to pay the rent therefor when due according to contract shall at once forfeit all right to longer occupy the dwelling house or other building or land."

44.     However, as is noted herein above, Plaintiffs were current on their rent payment and in full accordance with the terms and conditions of the *Lease*.

45.     Despite Plaintiffs full compliance with the terms of the *Lease*, R.U.M. d/b/a Shiloh Creek Apartments served Plaintiffs with a Notice to Vacate on or about July 18, 2013, as signed by the owner/agent [*illegible*] and certified by Lieutenant G. Worton, a Deputy Sheriff in Pope County, Arkansas.

46.     Plaintiffs were ordered to vacate and surrender the premises within ten days of receipt of the notice to vacate.

47.     However, Defendants were in direct violation of Arkansas Code Annotated § 18-17-902.   Under this statute, Defendants are strictly informed of the eviction proceedings and Defendants deliberately and willfully violated these guidelines.   Ark. Code Ann. §18-17-902 states the following:

a. "When grounds exist for eviction of a tenant under this subchapter, a landlord or his or her agent may commence an action for eviction by filing with a district court having jurisdiction a complaint and supporting affidavit of eviction that specifies the grounds for the eviction.
b. The supporting affidavit shall be signed by a person with personal knowledge of the grounds for eviction.
c. The fee for filing an action under this chapter by a complaint with supporting affidavit of eviction shall be as provided in § 16-17-705.
d. Upon the filing by the landlord or his or her agent or attorney of a complaint and supporting affidavit of eviction, the district court shall issue an order requiring the tenant to vacate the occupied premises or to show cause why he or she should not be evicted by the court."

48.     Defendants failed to commence an action for eviction by filing an affidavit with the district court or any of the proceeding portions of the statutes listed above, constituting the illegal/wrongful eviction of Plaintiffs.

49.     According to Arkansas case law, a tenant is entitled to recover whatever losses occur as a direct and natural consequences of the wrongful act (of eviction). *Nakdimen v. Atkinson Improvement Co.*, 149 Ark. 448, 233 S.W. 694 (1921).

50.     Additionally, Plaintiffs are entitled to general and special damages, including, but not limited to the cost of moving or temporary or permanent shelter, the value of the tenant's time, required services, necessary equipment, and damage to property. See, generally, *McElvaney v. Smith*, 76 Ark. 468, 88 S.W. 981 (1905); *Malone v. Wade*, 148 Ark. 548, 230 S.W. 579 (1921); *Burdan v. Walton*, 286 Ark. 98, 689 S.W.2d 543 (1985).

## COUNT II: CONVERSION

51.     Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

52.     As stated herein above, Plaintiffs were unlawfully evicted from their home.

53.     Plaintiffs were locked out of their home on or about August 7, 2013, with many possessions remaining inside.

54.     In accordance with Arkansas law, where a tenant is unlawfully evicted, the tenant is entitled to recover as damages whatever loss results to him because of the wrongful act. *Brickey v. Lacy*, 245 Ark. 860, 435 S.W.2d 443 (1968).

55.     The proper measure of damages for the conversion of personal property is its market value at the time and place of conversion. *Ford Motor Credit Co. v. Herring*, 27 Ark. 201, 589 S.W. 2d 584 (1979).

56.     Plaintiffs suffered the loss of personal property as a direct result of the malfeasance of R.U.M.

57.     Plaintiffs incurred damages as a result of the conversion of their property by the Defendants in an amount to be proven at trial.

### COUNT III: VIOLATIONS OF ARKANSAS LANDLORD/TENANT LAW

58.     As stated above, Plaintiffs were unlawfully evicted from their home.

59.     Defendants wrongfully retained Plaintiffs' deposit amount of $200.00, as well as the conversion of the aforementioned property

60.     Under Arkansas Code Annotated § 18-16-306, if a landlord fails to comply with this subchapter (of the Arkansas Landlord Tenant Law), the tenant may recover the property and money due to him or her; damages in an amount equal to two (2) times the amount wrongfully withheld; costs and reasonable attorney's fees.

61.     Plaintiffs incurred damages as a result of the Defendants' violations of Arkansas Landlord Tenant Law in an amount to be proven at trial.

### COUNT IV:  ABUSE OF PROCESS

62.     Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

63.     As stated herein above, Plaintiff Robert Clark was served with a citation for failure to vacate on or about August 2, 2013.

64.     Plaintiff Robert Clark appeared in Pope County District Court at which time the charge against him was dismissed after a representative of Defendants stated to the

court that the Clarks were evicted for allegedly "hosting a wild party," rather than for failure to pay rent.

65.  Defendants and their agents therefore committed the tort of abuse of process, which occurs when the judicial process is misused for a purpose for which it was not intended. *Lewis v. Burdine*, 240 Ark. 821, 402 S.W.2d 398 (1966).

66.  Defendants knowingly and willfully filed false charges against Plaintiff Robert Clark, perverting the judicial system and causing great embarrassment to the Plaintiff.

67.  Under Arkansas law, the elements of the tort of abuse of process occurs when:

A.  A legal procedure is set in motion in proper form  (in this instance, by serving the Plaintiff with notice of the charge of Failure to Vacate);

B.  The procedure is perverted to accomplish an ulterior purpose for which it was not designed (Defendants served the notice of the charge of Failure to Vacate to intimidate the Plaintiff into forfeiting the premises);

C.  And a willful act is perpetuated in the use of process which is not proper in the regular conduct of the proceeding.

See, generally, *Sundeen v. Kroger*, 355 Ark. 138, 133 S.W.3d 393 (2003);

68.  Defendants knew, or should have known based upon facts readily ascertainable to them, that the claims asserted in the criminal charges filed against Plaintiff Robert Clark were void; therefore, their actions in filing the criminal charges violate Arkansas substantive and procedural law.

69.    The actions described above have caused damage to Plaintiffs in the form of mental anguish and distress as well as other non-economic damages.

70.    Damage to Plaintiffs includes attorney's fees and court costs, as well as emotional distress, embarrassment, and mental anguish suffered by Plaintiffs, all of which resulted from the actions and statements of Defendants.

71.    Further, Defendants filed the criminal charge against Plaintiff Robert Clark, and took action against Plaintiff knowing, or with such readily ascertainable facts that they should have known of, the inadequacies and illegalities set forth above.

72.    Defendants have committed willful acts of seeking a judgment against Plaintiff Robert Clark by filing a claim not authorized by Arkansas law and not proper in the regular conduct of litigation.

73.    Defendants filed the criminal action against Plaintiff Robert Clark and took action against Plaintiff for the purposes of coercing or attempting to coerce Plaintiffs to vacate the property and/or to pay a debt which Plaintiffs did not owe, or which Defendants knew they could not, while abiding by the applicable laws, statutes and rules of court of the State of Arkansas, prove Plaintiffs owed.

74.    In taking such actions, Defendants have used the judicial process for a purpose for which it was not designed.

75.    Plaintiffs incurred damages as a result of the commissions of the Defendants of the tort of abuse of process in an amount to be proven at trial.

## COUNT V:  MALICIOUS PROSECUTION

76.     Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

77.     As stated herein above, Plaintiff Robert Clark was served with a citation for failure to vacate on or about August 2, 2013.

78.     Plaintiff Robert Clark appeared in Pope County District Court at which time the charge against him was dismissed after a representative of Defendants stated to the court that the Clarks were evicted for allegedly "hosting a wild party," rather than for failure to pay rent.

79.     Defendants and their agents therefore committed the tort of malicious prosecution, which addresses the situation where a person knowingly initiates baseless litigation.

80.     As stated in numerous Arkansas cases, specifically in *Harold McLaughlin Reliable Truck Brokers, Inc. v. Cox*, malicious prosecution is shown when:

A.     A proceeding is brought or maintained by the defendant against the plaintiff;

B.     Termination of the proceeding in favor of the plaintiff;

C.     Absence of probable cause for the proceeding;

D.     Malice on the part of the defendant; and

E.     Damages.

See, generally, *Harold McLaughlin Reliable Truck Brokers, Inc. v. Cox,* 324 Ark. 361, 922 S.W.2d 327, 331 (1996)

81.     Defendants initiated a proceeding against Plaintiff Robert Clark for failure to vacate which had no basis in law or fact.

82.     Defendants were aware that the proceeding was baseless.

83.     The proceeding was terminated in favor of Plaintiff, as shown by the order of the Pope County District Court of August 20, 2013.  The charge was dismissed by the prosecutor and, therefore, dismissed by the district court judge.

84.     Defendants had no probable cause to bring about the charge.

85.     Defendants acted with malice and used the charge to intimidate Plaintiff Robert Clark in furtherance of Defendants' on-going wrongful eviction of Plaintiffs.

86.     Plaintiff Robert Clark suffered damages as a result of the malicious prosecution, including but not limited to: missed time from work, defamation, and other damages to be proven at trial of this matter.

## COUNT VI: DEFAMATION

87.     Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

88.     Defendants brought legal action against Plaintiff Robert Clark by the filing and serving of the criminal charge for failure to vacate in an Arkansas court.

89.     The pleadings identify Plaintiff Robert Clark by name.

90.     The pleadings are public documents which are available for the general public to view, and in fact many newspapers publish the names of parties involved in such legal actions and did in this case.

91.     Defendants have knowledge of the public nature of such legal actions.

92.     The criminal charge alleged that Plaintiffs owed a debt to Defendants and that Plaintiffs failed to vacate the property in accordance with Arkansas law.

93.     Defendants knew these statements to be false at the time they made these statements.

94.     Plaintiffs suffered damages as a result of Defendants' actions as set forth herein above.

## COUNT VII: CONSTRUCTIVE FRAUD

95.     Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

96.     Defendants R.U.M. individually and d/b/a Shiloh Creek Apartments, and RentDebt as debt collectors and/or collection agencies have certain duties, including the duty to not use false or misleading or deceptive representations in furtherance of their debt collection activities.

97.     Defendants have breached their duties as stated herein.  Defendants have engaged in misleading, deceptive and false representations to Plaintiffs and to the Court in pursuit of their collection efforts and in their other actions related to Plaintiffs accounts with R.U.M.

98.     Defendants, in so breaching their duties, pursued their course of conduct against Plaintiffs with such determination and deliberation that it is clear that they acted intentionally and with a purpose to achieve the ends which would be natural consequences of their actions.

99.     Defendants' breach of these duties proximately caused the damages complained of by Plaintiffs.

## COUNT VIII:  NEGLIGENCE

100.     Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

101.     Pleading in the alternative, when Defendant RentDebt engaged in the actions set forth above, they owed a duty of care to Plaintiffs pursuant to 15 U.S.C. § 1692 in that they were not to use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

102.     Defendant RentDebt grossly breached that duty through the actions set forth above and below.

103.     Defendant RentDebt proximately caused the injuries and damages of Plaintiffs through their negligence, which includes, but is not limited to the following:

A.     Failing to properly control and supervise their agents, servants and employees;

B.     Failing to properly train their agents, servants and employees;

C.     Negligently hiring and supervising their agents, servants and employees; and

D.     Failing to prevent their agents, servants and employees from violating Federal and Arkansas Laws.

## COUNT IX:  ARKANSAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

104.   Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

105.   In representing to the Pope County District Court, and to Plaintiffs, that Plaintiff Robert Clark was in violation of criminal laws and that Defendant R.U.M. individually and d/b/a Shiloh Creek Apartments was legally authorized to evict Plaintiffs, these Defendants engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10).

106.   Defendant R.U.M. individually and d/b/a Shiloh Creek Apartments engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10) to the extent that any of the representations made by them to the Pope County District Court, and/or to Plaintiffs, are not grounded in actual law.

107.   In taking the actions as set forth above, Defendants have engaged in unconscionable, false, and/or deceptive acts or practices in its business, in violation of Ark. Code Ann. § 4-88-107(a)(10).

108.   Defendant RentDebt's actions violate the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-107(a)(10) and 4-88-108 in that Defendant knowingly engaged in unconscionable, false, or deceptive acts through their attempts to collect invalid debts.

109.   The conduct described above and herein of all Defendants constitutes unfair or deceptive trade practices predominantly and substantially affecting the conduct

of trade or commerce throughout the United States in violation of the ADTPA, Ark. Code Ann. §4-88-101, *et. seq.*

110.    Plaintiffs are entitled to recover damages and a reasonable attorney's fee for every such violation pursuant to Ark. Code Ann. § 4-88-113(0).

## COUNT X:  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

111.    Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

112.    Pursuant to 15 U.S.C. § 1692, et seq, a debt collector may not utilize impermissible means to collect debts.

113.    Impermissible debt collection practices include "harassing, oppressive or abusive conduct; false, deceptive or misleading representations; and unfair or unconscionable collection methods." *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767 (8th Cir. 2001) (citing 15 U.S.C. § 1692 d-f).

114.    Unfair or unconscionable collection methods include violations of substantive and procedural state laws which are designed to protect Plaintiffs.

115.    The actions of Defendant RentDebt violate the FDCPA based upon each and every claim and fact set forth herein.

116.    Specifically and additionally, the commission of the torts described herein above are also each separate violations of the FDCPA.

117.    Particular counts of violations of the FDCPA are set out below.

118.    Defendant RentDebt failed to provide Plaintiffs with a statement regarding their rights to dispute the alleged debt in violation of 15 U.S.C.A. § 1692g(a)(3), which

specifically states that a collection agency must provide "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

119.    Defendant RentDebt failed to provide Plaintiffs with a statement regarding a copy of verification or judgment of the alleged debit in violation of 15 U.S.C.A. § 1692g(a)(4), which specifically states that a collection agency must provide "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

120.    Defendant RentDebt failed to provide Plaintiffs with a statement regarding the name and address of the original creditor, if different from the current creditor in violation of 15 U.S.C.A. § 1692g(a)(5), which specifically states that a collection agency must provide "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

121.    Providing this improper notice containing these significant inadequacies constitutes impermissible debt collection practices and therefore violates the FDCPA.

122.    The FDCPA creates liability for violations of substantive and procedural state law.

123.    The actions described above have caused damages to Plaintiffs in the form of mental anguish and distress as well as other non-economic damages.

124.   Damages to Plaintiffs includes attorney's fees and Court costs in this action as well as emotional distress, embarrassment, and mental anguish suffered by Plaintiffs, all of which resulted from the actions and statements of RentDebt.

## COUNT XI:  PUNITIVE DAMAGES

125.   Plaintiffs re-allege and fully adopt and incorporate each of the allegations asserted above as if fully set forth herein.

126.   In addition to the compensatory damages for the actual losses sustained by Plaintiffs, the conduct of Defendants were intentional, willful, wanton, reckless and done with conscious indifference to the consequences, thereby entitling Plaintiffs to punitive damages, as stated in Arkansas Code Annotated § 16-55-206.

127.   Furthermore, the Defendants intentionally pursued a course of conduct for the purpose of causing injury or damage. *Id.*

## IV.

## CONCLUSION

WHEREFORE, premises considered, Plaintiffs Robert Clark and Trisha Clark respectfully request that each Defendant be summoned to appear and answer herein; for judgment in an amount to be proved at trial before a jury, such judgment consisting of compensatory and punitive damages; and for attorney's fees and all court costs incurred herein; and for all other good and proper relief to which they may be entitled, whether or not specifically requested herein.

Respectfully submitted,

**ROBERT CLARK AND TRISHA CLARK,
Husband and Wife, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:   _____
Allison Koile
Ark. Bar No. 20011154
allison@sanfordlawfirm.com

and   _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**SHILOH CREEK APARTMENTS**
802 Limestone Circle
Russellville, AR 72802
APARTMENT LEASE

Lessor hereby leases to Lessee and the Lessee hereby leases from Lessor, the residential unit located at __817__ __Sandstone Circle; Russellville, AR 72802__ and commonly known as Apartment No __7__ to be used solely for the purpose of a personal residence by: _____ **Robert & Trisha Clark** _____

(All occupants of the apartment are to be listed by name.)

1. **TERM.** The term of this lease agreement shall be for __6 months__ commencing on __May 1, 2013__ ending on __October 31, 2013.__

2. **RENT.** Rent will be payable in check or money order at the location designated by Lessor. The total sum of the rent payable in equal monthly payments of __$ 550.00__ (rent) and __-$-0- (w/d)__ in advance on or before the first day of each month. If Lessor delivers possession of the premises to Lessee prior to the beginning date of the lease, such possession shall be subject to the terms and conditions of this lease and Lessee agrees to pay a pro-rated amount of rent for such period based on the rental rate specified above. Without the written approval of the beneficiary of any deed of trust encumbering the demised premises, the Lessor shall not accept and the Lessee shall not prepay rent in advance, except for the then current month and the month next succeeding such then current month. Should Lessee not be current on all rents and service charges, all monies paid will be credited toward arrears first.

3. **SERVICE CHARGES.** If Lessee fails to pay Lessor rents due within **four days (by 5 pm on the fourth)** after such rent is due, a Service Charge of $25 will be added beginning on the fifth of the month, plus five-dollars a day up to $75 max. Any dishonored checks returned to Lessor will be subject to a handling charge of $25.

4. **RE-LETTING CHARGE.** (Penalty for breaking lease) You will be liable to us for a re-letting charge of __$ 550.00__ (not to exceed 100% of the highest monthly rent during the Lease contract term) if you:

1) fail to give written 30 day move-out notice as required.
2) move-out without paying rent in full for the entire Lease Contract term or renewal period.
3) move out at our demand because of your default:or
4) are judicially evicted.

The re-letting charge is not a cancellation fee and does not release you from your obligations under this Lease Contract.

5. **SECURITY DEPOSIT.** Lessee agrees to deposit with Lessor the sum of __One hundred .($100.00 )__, which deposit will be held by the Lessor, interest free, to guarantee the performance and covenants of this lease and the deposit shall be refunded by mail, in a reasonable amount of time, at the termination of this lease providing:

A. All rents have been paid.
B. The premises have been restored to their original condition allowing for fair wear and tear.
C. The keys have been surrendered at the location designated for rent payments.
D. Possession of the premises is delivered to Lessor.
E. A written 30 day notice is required to management prior to vacating.

Upon move out the security deposit may not be applied toward any damages. The security deposit may not be applied as rent at any time.

Lessor may apply the security deposit to mitigate any expense or damage caused by Lessee or relating to any default by Lessee. If any or all of the security deposit is used by Lessor as hereinbefore provided, Lessee agrees to redeposit the amount so used within three (3) days following notice of such use. Lessee may look solely to Lessor for refund of any portion of the security deposit.

If the property rights of the Lessor are transferred through sale, exchange, lease or other manner to another owner, Lessor shall have the right to transfer Lessee's security deposit to the grantee of said property rights and Lessor shall be relieved of all liability to Lessee; Lessee shall look solely to the new landlord for return of the security deposit, Lessee hereby agrees not to look to the Mortgagees, as Mortgagee in possession, or successor in title to the property, for accountability for any security deposit required by the landlord hereunder, unless said sums have actually been received by said Mortgagee as security for Lessee's performance of this lease.

6. **CLEANING FEE.** The lessee agrees to pay Lessor a Non-Refundable Cleaning Fee in the amount of __$100.00 .__ This Cleaning Fee covers expenses to the Lessor up to and including $100, restoring the apartment to its original condition allowing for fair wear and tear.

7. **UTILITIES.** Lessee will pay all charges for all utility services.

8. **CONDITION OF PREMISES.** Lessee acknowledges that the rented premises are in a good, clean and safe condition and that he **will return the premises, furnishings, fixtures, and appliances upon the termination of this lease in as-good condition as when received,** normal fair wear and tear excepted _____ . Lessee also agrees to remove all rubbish from the premises, and if not so removed by Lessee at their termination of this lease, Lessor may have same removed at the Lessee's expense.

9. **ALTERATIONS.** The Lessee shall make no alteration, addition, or improvement to the interior or exterior of the apartment without written permission from the Lessor. Locks shall not be changed, altered, or replaced nor shall new locks be added by the Lessee without the written permission of the Lessor. Any locks so installed shall become the property of the Lessor and shall not be removed by the Lessee. Lessee shall not extend or attach any item or article of permanent or temporary nature through any window or frame, or on any balcony or balcony railing, or to any interior or exterior wall, or attach any sign containing writing or printing to any window, floor ceiling, door or wall, without the prior written consent of Lessor.

10. **RIGHT OF ENTRY.** Lessor, its agents and designated representatives shall have the right to enter the premises at reasonable hours to examine or exhibit the same or to make such repairs, improvements or alterations as Lessor may deem necessary for the safety and preservation of the property. If during the last month of the term, Lessee shall have removed all property from the premises, Lessor may immediately enter and renovate and redecorate the premises, without abatement of rent.

11. **REPAIRS.** Lessor shall make required repairs and perform maintenance to heating and air conditioning equipment and to appliances furnished for Lessee's use, without charge to Lessee unless such repairs shall be caused by negligence, abuse or mistreatment by Lessee, his family, visitors, invites or other persons whom Lessee permits to be on or about the premises, in which case Lessee shall pay the costs of such repairs and maintenance as additional rent. Lessor shall have no obligations to make any repair except where expressly agreed herein, nor any other obligation to Lessee not expressly set forth in this lease.

12. **DEFAULT.** If Lessee defaults in the payment of rent or if the Lessee violates any of the covenants herein, or if the Lessor at any time shall deem the conduct of the occupants on the leased premises to be objectionable or improper, the Lessor may, as provided by law, give Lessee notice of Lessor's intention to terminate the lease. In such event, the Lessor shall be entitled to regain or retake possession of the premises either with or without legal prosecution.



PLAINTIFF'S
EXHIBIT
_A_

13.     **ABANDONMENT.** Abandonment of personal property shall be assumed if Lessee is thirty (30) days delinquent in the payment of rent and there is evidence that the Lessee has, in fact, vacated the premises. In case of abandonment by Lessee, Lessor may enter the premises and take possession of all property of Lessee and remove same there from, with or without demand or notice, and may sell the property, with or without notice at public or private sale. Proceeds of the sale shall first go to any expense of taking, handling, storing and selling said property, next toward any amounts due Lessor, and the balance, if any shall be paid to Lessee. Not withstanding, the use of security deposit and/or additional security by Lessor, Lessee shall remain liable for any deficiencies or balances remaining unpaid.

14.     **FORECLOSURE.** The parties agree, with respect to the premises demised herein, that no person claiming, or deriving title by, through, and under the Lessor, whether by voluntary or involuntary conveyance, including, but not limited to persons claiming title by virtue of purchase of such premises under foreclosure of any deed of trust encumbering the said person or purchaser at foreclosure be responsible for the performance of Lessor's obligations under the lease accruing for any period prior to the vesting of record title in such person or purchaser at foreclosure sale.

15.     **LOSS OR DAMAGE.** Lessee agrees to indemnify and save Lessor harmless from all liability, loss or damages rising from any nuisance made or suffered on the leased premises by the Lessee, his family, friends, relative, invites, visitors, agents or servants or from any carelessness, neglect or improper conduct of any of such person. All personal property in any part of the building within the control of the Lessee shall be at the sole risk of the Lessee. The Lessor shall not be liable for damage to or loss of property of any kind which may be lost or stolen, damaged or destroyed by fire, smoke, water, steam, defective refrigeration, or other wise, while on the leased premises or in any storage space in the building. **817.**

16.     **DISTURBANCE.** The Lessee shall not make any disturbing noises in the building nor permit the making of any such noises by his family, friends, relatives, invites, visitors, agents or servants; nor do, nor permit anything to be done by such persons that will interfere with the rights, comforts, or conveniences of other occupants in the building. Lessee shall not operate nor permit to be operated any musical instrument, radio, television, stereo, or other like device in such manner that it is audible other than in the apartment in which it is located.

17.     **PETS.** Lessee shall not keep any domestic or wild animal or pet in, on or about the premises without the prior written consent of the Lessor, and Pet Fee being paid: **$500.00.** IF NO PET FEE IS PAID AND YOU ARE CAUGHT WITH A PET ON THE PREMISES, THERE WILL BE A $100 PET FINE AND TEN DOLLARS A DAY CHARGE. _____.

18.     **PARKING.** Lessor reserves the right to regulate the use of all automobile-vehicle parking spaces. This includes the towing or removal of any vehicle improperly parked or in such condition which, in the opinion of the Lessor, detracts from the appearance of the apartment community; including, but not limited to: boats, trailers, RVs, etc. Towing charges will be the responsibility of the Lessee. Auto repairs are not permitted in the parking areas, nor will car washing be permitted at anytime on the premises.

19.     **COMMON AREAS.** Common areas, laundry, recreational and other facilities as may be made available by Lessor for Lessee's use, shall at all times remain under the control of Lessor who shall have the right to regulate the use thereof by Lessee and all other person whomever. Such facilities shall be available to Lessee, his immediate family, visitors and invites and Lessee shall be fully responsible and liable for the acts or omissions of all such person. Recreational facilities, including swimming pool, are restricted to Lessee and his immediate family, except that bonafide house guests may be authorized use of said facilities with written consent of Lessor.

20.     **BREEZEWAYS.** The breezeways, sidewalks, passageways, and stairways shall not be obstructed by the Lessee or his family, or used by them for any purpose other than ingress or egress; these common area portions of the building are under the exclusive control and regulation of the Lessor.

21.     **SUBLETTING.** Lessor shall not assign or transfer this lease or sublet the premises or any part thereof, or permit others to occupy the premises, without first obtaining the written consent of Lessor.

22.     **NOTICES.** All notices to either party of this lease agreement shall be in writing and mailed by first class mail, personally delivered to the Lessee at the premises or to the Lessor at the place designated for the payment of rent.

23.     **TRANSFER AND MILITARY SERVICE.** If Lessee is transferred by his employer to a place of residence more than fifty (50) miles from the leased premises, Lessee has the right to terminate this lease by giving a thirty (30) day written notice, along with verification on employer's letterhead or copy of military orders. The security deposit will be forfeited upon termination of lease.

24      **NOTICE TO VACATE.** Before surrendering the premises, the Lessee will give the Lessor written notice of his intent to vacate at least thirty (30) days before the expiration date of the lease. Lessor will notify Lessee by written notice of any amendments applicable to the renewal of this lease at least thirty (30) days before the expiration date of this lease.

25.     **HOLDOVER TENANCY.** Any holding over after the expiration of the term of this lease, without the consent of the Lessor, shall be construed to be a tenancy from month to month, at a rent rate of **$600.00** a month, and shall otherwise be on terms and conditions as specified in this lease, so far as applicable. ____.

26.     **MORE THAN ONE LESSEE.** If there is more than one Lessee, they shall be jointly and severally liable under this lease.

27.     **OTHER REGULATIONS.** The Lessee agrees to conform to such rules and regulations as shall from time to time be established by Lessor for the safety, care, cleanliness or orderly conduct of the premises.

28.     **MODIFICATIONS.** No amendment or modification of this lease shall be binding unless stated in writing and acknowledged Lessor and Lessee,

29.     **SUCCESSORS.** This lease shall be binding upon and inure to the benefits to the heirs, executors, administrators, successors, and assigns of Lessor and Lessee.

30.     **ATTORNEY'S FEES.** Lessee shall pay, as additional rent, all attorneys' fees and other costs incurred by Lessor because of any violation or default of Lessee under terms of this lease or incurred by Lessor in enforcing the terms of this lease.

31.     **INVALID PROVISIONS.** If any provisions of this lease shall be invalid or unenforceable to any extent the remainder of this lease shall not be affected thereby.

32.     **WATER BEDS.** Lessee shall not keep or maintain any water bed in, on, or about the premises without the prior written consent of the Lessor.

33.     **DUPLICATE COPY.** Lessee acknowledges receipt of a duplicate copy of this lease.

**Lessee and Lessor have executed this lease as of the date first above written**

Lessor: Shiloh Creek Apartments
802 Limestone Circle
Russellville, AR  72802

By: _Neil Deey_

Lessee: X _Justin Clark_

_Justin Clark_

Date: X _5/1/2013_

Rev: 03/25/08

2 of 4

ROBERT LYNN CLARK
TRISHA M CLARK
11132 OAK GROVE RD
DARDANELLE AR  72834-8152

05/10/13

0074011685

9                                                          CYCLE-011
--------------------------------------------------------------------
*** CHECKING ACCOUNT TRANSACTIONS ***
DATE        DESCRIPTION                  DEBITS        CREDITS
04/24 WTHDRL DDA      04/24 14:37         60.00
      2506 E PARKWAY AVE RUSSELLV AR
04/25 AC-GRACE MANUFACTUR-DIRECT DEP                   1,060.85
04/25 FORCE PAY DEBIT                    100.00
04/26 AC-Friendship Commu-PAYROLL                       810.42
04/26 WTHDRL DDA      04/26 12:57        300.00
      2506 E PARKWAY AVE RUSSELLV AR
04/26 POS DEBIT       04/26  7:47         12.85
      DARRELL S OTHER MKT RUSSELL AR
04/26 CKCD DEBIT      04/24 00:00          9.88
      TOBACCO TOWN RUSSELL RUSSEL AR
04/26 CKCD DEBIT      04/25 00:00         11.01
      SUPERSTOP 161 RUSSELLVILLE AR
04/26 CKCD DEBIT      04/25 00:00         11.75
      SQ RACHEL MORGAN RUSSELLVIL AR
04/26 CKCD DEBIT      04/25 00:00         16.27
      PAPA JOHN S 2669 RUSSELLVIL AR
04/29 FORCE PAY DEBIT                     50.00
04/29 POS DEBIT       04/28 14:49         30.82
      CASH SAVER RUSSELLVILLE AR
04/29 CKCD DEBIT      04/25 00:00         20.00
      SHILOH CREEK APARTMENT RUSS AR
04/29 CKCD DEBIT      04/26 00:00        200.00
      SHILOH CREEK APARTMENT RUSS AR
05/01 FORCE PAY DEBIT                     20.00
05/01 POS DEBIT       04/30 19:08         11.39
      FREDS RUSSELLVILLE AR
05/01 POS DEBIT       04/30 19:03         17.73
      CASH SAVER RUSSELLVILLE AR
05/01 CKCD DEBIT      04/30 00:00          5.62
      SONIC DRIVE IN 4535 RUSSELL AR
05/01 CKCD DEBIT      04/29 00:00         13.33
      LITTLE CAESARS 0286 00 RUSSE AR
05/01 CKCD DEBIT      04/30 00:00         20.47
      PDQ EAST RUSSELLVILLE AR
05/02 FORCE PAY DEBIT                     20.00
05/02 WTHDRL DDA      05/02 17:31        140.00
      600 UNION ST DARDANELLE AR
05/02 POS DEBIT       05/02 15:11         10.57
      WAL MART SUPER RUSSELLVILLE AR
05/02 CKCD DEBIT      04/30 00:00         11.16
      TOBACCO TOWN RUSSELL RUSSEL AR
05/03 WTHDRL DDA      05/02 19:12         40.00
      2701 WEST MAIN STREET RUSSE AR
05/03 POS DEBIT       05/03  7:09         35.86
      DARRELL S OTHER MKT RUSSELL AR
05/03 CKCD DEBIT      05/02 00:00          7.69
      SONIC DRIVE IN 4535 RUSSELL AR
05/03 CKCD DEBIT      05/02 00:00          8.35
      STARBUCKS 11743 RUSSE RUSSE AR
05/03 CKCD DEBIT      05/01 00:00        550.00
      SHILOH CREEK PHASE III RUSS AR
05/06 WTHDRL DDA      05/03 22:23         60.00
      401 N ARKANSAS RUSSELLVILLE AR
05/06 POS DEBIT       05/05 13:46          4.94
      DARRELL S OTHER MKT RUSSELL AR

DAramburu
LIBERTY BANK
OF ARKANSAS
# 0905-006          # 0905-003
AUG 1 4 2013
MAIN BRANCH
Teller # 0905-003


PLAINTIFF'S
EXHIBIT
B
tabbies

3 of 5

ROBERT LYNN CLARK                                     06/11/13
TRISHA M CLARK
11132 OAK GROVE RD
DARDANELLE AR  72834-8152                             0074011685

13                                                  CYCLE-011

---------------------------------------------------------------
*** CHECKING ACCOUNT TRANSACTIONS ***
  DATE          DESCRIPTION                DEBITS      CREDITS
06/10  CKCD DEBIT        06/08 00:00        15.14
       RAZORBACK PIZZA RUSSELLVILL AR
06/10  CKCD DEBIT        06/07 00:00        17.22
       MCDONALD S F4516 RUSSELLVIL AR
06/10  CKCD DEBIT        06/08 00:00        36.23
       SUPERSTOP CLARKSVILL CLARKS AR
06/10  CKCD DEBIT        06/06 00:00       580.00
       SHILOH CREEK APARTMENT RUSS AR
06/11  POS DEBIT         06/11 17:22        29.21
       WAL MART SUPER RUSSELLVILLE AR

       --------------------------------------------------
       :                       : TOTAL FOR   :    TOTAL       :
       :                       : THIS PERIOD : YEAR-TO-DATE  :
       --------------------------------------------------
       : TOTAL OVERDRAFT FEES  :       .00   :    248.00     :
       --------------------------------------------------
       : TOTAL RETURNED ITEM FEES :    .00   :      .00      :
       --------------------------------------------------

---------------------------------------------------------------
*** BALANCE BY DATE ***
05/11     929.34  05/13     921.12  05/14     732.48  05/15     671.75
05/16     130.56  05/21      50.56  05/22      20.56  05/23     653.97
05/24   1,220.88  05/28     755.26  05/29     680.69  05/30     470.23
05/31     440.23  06/03     128.75  06/04      70.43  06/06     868.81
06/07   1,144.27  06/10     349.60  06/11     320.39

        *** NOW YOU CAN BANK ON THE GO ANYTIME, ANYWHERE
        WITH OUR NEW LIBERTY2GO MOBILE BANKING SERVICE.  CHECK
        IT OUT TODAY AT LIBERTY2GO.COM ***



LIBERTY BANK
OF ARKANSAS

JUL 19 2013

## LIBERTY BANK OF ARKANSAS (0879)

FRONT
Teller # 0901-003

ROBERT LYNN CLARK
TRISHA M CLARK
11132 OAK GROVE RD
DARDANELLE, AR 72834-0000

### Checking Activity

| Account Number | | ****1685 |
|---|---|---|
| FREEDOM CHECKING | | |

Transactions From Statement Period Ending 7/11/2013

| | | | | | |
|---|---|---|---|---|---|
| 06/27/2013 | CKCD DEBIT   06/26 00:00   SONIC DRIVE IN 4535 RUSSELL AR | $13.93 | | | $442.59 |
| 06/27/2013 | POS DEBIT   06/27 17:35   DOLLAR GENERAL RUSSELLVILLE AR | $11.99 | | | $430.60 |
| 06/28/2013 | POS DEBIT   06/28 11:50   RUSSELLVILLE SU RUSSELLVILL AR | $14.52 | | | $416.08 |
| 06/28/2013 | CKCD DEBIT   06/27 00:00   PDQ 247 RUSSELLVILLE AR | $11.01 | | | $405.07 |
| 07/01/2013 | WTHDRL DDA   06/29 11:07   600 UNION ST DARDANELLE AR | $80.00 | | | $325.07 |
| 07/01/2013 | POS DEBIT   06/29 16:11   CASH SAVER RUSSELLVILLE AR | $67.41 | | | $257.66 |
| 07/01/2013 | POS DEBIT   07/01 14:14   474 P66 RUSSELLVL AR | $25.02 | | | $232.64 |
| 07/01/2013 | POS DEBIT   07/01 16:28   DOLLAR GENERAL RUSSELLVILLE AR | $21.24 | | | $211.40 |
| 07/01/2013 | CKCD DEBIT   06/28 00:00   LITTLE CAESARS 0286 00 RUSS AR | $10.85 | | | $200.55 |
| 07/01/2013 | CKCD DEBIT   06/30 00:00   TSS 49 DARDANELLE AR | $9.92 | | | $190.63 |
| 07/02/2013 | DEBIT MEMO | $50.00 | | | $140.63 |
| 07/02/2013 | POS DEBIT   07/02 17:15   DOLLAR GENERAL RUSSELLVILLE AR | $10.87 | | | $129.76 |
| 07/02/2013 | CKCD DEBIT   07/01 00:00   SONIC DRIVE IN 2799 RUSSELL AR | $1.22 | | | $128.54 |
| 07/03/2013 | AC-GRACE MANUFACTUR-DIRECT DEP | | | $1,060.85 | $1,189.39 |
| 07/03/2013 | POS DEBIT   07/03 8:36   RUSSELLVILLE SU RUSSELLVILL AR | $11.86 | | | $1,177.53 |
| 07/05/2013 | CKCD DEBIT   07/03 00:00   SHILOH CREEK APARTMENT RUSS AR | $550.00 | | | $627.53 |
| 07/05/2013 | WTHDRL DDA   07/04 8:50   600 UNION ST DARDANELLE AR | $60.00 | | | $567.53 |
| 07/05/2013 | CKCD DEBIT   07/03 00:00   TAYLORS GENERAL STORE RUSSE AR | $44.86 | | | $522.67 |
| 07/05/2013 | WTHDRL DDA   07/04 19:52   401 N ARKANSAS RUSSELLVILLE AR | $20.00 | | | $502.67 |
| 07/05/2013 | POS DEBIT   07/05 11:52   RUSSELLVILLE SU RUSSELLVILL AR | $13.89 | | | $488.78 |
| 07/05/2013 | CKCD DEBIT   07/03 00:00   SONIC DRIVE IN 4535 RUSSELL AR | $11.51 | | | $477.27 |
| 07/08/2013 | DEPOSIT | | | $444.25 | $921.52 |
| 07/08/2013 | DEBIT MEMO | $40.00 | | | $881.52 |
| 07/08/2013 | POS DEBIT   07/07 17:59   CASH SAVER RUSSELLVILLE AR | $49.46 | | | $832.06 |

# NOTICE TO VACATE

TO: _Robert & Trisha Clark_     FROM: **SHILOH CREEK APT.**

____and all occupants of____ **8 17**          **802 LIMESTONE CIR.**

____Sandstone Circle____ 7          **RUSSELLVILLE, AR.**

YOU ARE HEREBY NOTIFIED TO VACATE AND SURRENDER POSSESSION OF THE PREMISES AT:

____**8 17**____ Sandstone Circle, Apt. __7__

____Russellville, Arkansas 72802____

OWNED BY:

____**R.U.M.,Inc.**____

____**Ft. SMITH, AR.**____

WHICH YOU ARE PRESENTLY OCCUPYING AS TENANTS. IF YOU FAIL OR REFUSE TO VACATE AND SURRENDER POSSESSION OF THE AFORESAID PREMISES WITHIN TEN (10) DAYS OF THE DATE OF THIS NOTICE TO VACATE, THEN YOU WILL BE PROSECUTED UNDER THE PROVISION OF ARK. CODE ANN. SECTION 18-16-101. IF YOU ARE CONVICTED IN MUNICIPAL COURT, THE JUDGE CAN FINE YOU UP TO $25.00 PER DAY FOR EACH AND EVERY DAY YOU REMAIN ON THE AFORESAID PREMISES UNLAWFULLY AFTER RECEIVING THIS NOTICE TO VACATE.  COURT COSTS CAN ALSO BE ASSESSED AGAINST YOU AND YOU CAN BE ORDERED TO PAY THE FINE AND COURT COSTS FORTHWITH OR SUFFER FURTHER PENALTIES.

OWNER/AGENT: _Brenda Bixbee_

WITNESS: _Sarah Thomas_

DATE: _7-18-13_

## RETURN

STATE OF ARKANSAS)
COUNTY OF POPE )
I, _L.G. Whorton_____, A DEPUTY OF POPE COUNTY, ARKANSAS, CERTIFY THAT I SERVED THE ABOVE NOTICE ON THE _18_ DAY OF _July_____ _2013_ .

BY: _L.G. Whorton_

PLAINTIFF'S EXHIBIT C

## ARKANSAS UNIFORM LAW ENFORCEMENT CITATION

CASE # *13-7084*     DOCKET # _____

**POPE COUNTY SHERIFF DEPT.**
**#3 EMERGENCY LANE**
**RUSSELLVILLE, AR 72802**

CITATION NUMBER

**№ 034984**

YOU MAY PRESENT THIS CITATION FOR PAYMENT AT THE POPE COUNTY SHERIFF DEPARTMENT ANYTIME PRIOR TO THE COURT APPEARANCE LISTED BELOW.
COURT APPEARANCE (DATE & TIME)

TUESDAY, *8-13-13*     @ 8:30 AM
ADDRESS OF COURT: 1506 E. 2nd St., Ste. 2, RUSSELLVILLE, AR 72801
I PROMISE TO APPEAR IN SAID COURT AT SAID TIME AND PLACE I UNDERSTAND THE ABOVE AND THAT MY SIGNATURE IS NOT AN ADMISSION OF GUILT.

SIGNATURE *X*

The undersigned furthers he/she has just and reasonable grounds to believe, and does believe, that the person named below committed the offense(s) set forth, contrary to law.

*J.P. Whorton P-11*

SIGNATURE OF OFFICER     BADGE #

CRASH INVOLVED
☐ YES  ☒ NO

| MONTH | DAY | YEAR | TIME |
|-------|-----|------|------|
| *8* | *2* | *13* | *10:46* ☐ A.M. ☒ P.M. |

LAST NAME *Clark*

FIRST NAME *Robert*     MI *L*

ADDRESS *817 Sandstone Cir Apt 7*

CITY/STATE/ZIP CODE *Russellville, AR*

DOB *6/30/77*     RACE *W*   SEX *M*

D.L. # *915355565*     STATE *AR*   CLASS *D*

| SEATBELT IN USE | VEHICLE LICENSE NUMBER | LICENSE STATE |
|-----------------|------------------------|---------------|
| ☐ YES ☐ NO | *N/A* | |

**VEHICLE DESCRIPTION**

| YEAR | MAKE | MODEL | BODY TYPE | COLOR |
|------|------|-------|-----------|-------|
| | | | | |

LOCATION: *817 Sandstone Apt 7*

| ☐ SPEEDING (OVER LIMIT) 27-51-201 | RADAR: ☐ STATIONARY ☐ MOVING | # OF OFFENSES |
|---|---|---|
| MPH IN | MPH ZONE SCHOOL ZONE ☐ YES ☐ NO | TRAFFIC / CRIMINAL |

| CARELESS OR PROHIBITED DRIVING 27-51-104 ☐ | CRIMINAL TRESPASSING 5-39-203 ☐ | DRIVER'S LICENSE SUSPENDED 27-16-303 ☐ | D.L. SUSPENDED FOR DWI 5-65-105 ☐ | DWI 5-65-103 ☐ |
| DUI 5-65-303 ☐ | DISORDERLY CONDUCT 5-71-207 ☐ | DRIVING LEFT OF CENTER 27-51-301 ☐ | DOMESTIC BATTERY 3rd 5-26-305 ☐ | EXPIRED TAGS 27-14-601 ☐ |
| FAILURE TO REGISTER 27-14-903 ☐ | FOLLOWING TOO CLOSE 27-51-305 ☐ | INADEQUATE INSURANCE (CRASH) 27-22-105 ☐ | LITTERING 8-6-406 ☐ | NO SEAT BELT 27-37-702 ☐ |
| NO DRIVER'S LICENSE 27-16-602A ☐ | NO VEHICLE LICENSE 27-14-304 ☐ | NO PROOF OF INSURANCE 27-22-104 ☐ | OBSTRUCTING GOVERNMENT OPERATIONS 5-54-102 ☐ | PUBLIC INTOXICATION 5-71-212 ☐ |
| POSSESSION OF CONTROLLED SUBSTANCE 5-64-401 ☐ | POSSESSION OF DRUG PARAPHERNALIA 5-64-403 ☐ | STOP SIGN VIOLATION 27-51-601 ☐ | UNRESTRAINED CHILD 27-34-104 ☐ | VIOLATION OF RESTRICTED D.L. 27-16-804 ☐ |

**OTHER VIOLATION (DEFINED) AND NOTES**

① *Failure To Vacate*

PLAINTIFF'S EXHIBIT A

May 20, 2014
12:38:16 pm

**Pope County District Court - Russellville Dept**

Docket

**Case #:**  CR-13-3807

Page 1 of 1

PLAINTIFF'S EXHIBIT E

## Defendant Information

**Clark, Robert L**

11132 Oak Grove Rd, Dardanelle , Arkansas

| | | | | | |
|---|---|---|---|---|---|
| **Name:** Clark, Robert L | **DOB:** 06/30/77 | **Age:** 36 | **SSN:** | **HmPhone:** | **SID:** |
| | **Sex:** Male | **Ht:** 0.00 | **DL #:** AR / 915355656 | **WrkPhone:** | **NCIC:** |
| **Attorney:** | **Race:** White | **Wt:** 0 | **Employer:** | | **FP:** |

## Case Information

| | | | |
|---|---|---|---|
| **Case #:** CR-13-3807 | **Filing Date:** 08/06/13 | **Case Type:** Criminal | **Case Category:** Criminal - General | **First Appear Date:** 08/13/13 |

## Charge Document Information

| | | | |
|---|---|---|---|
| **Chrg Doc#:** 034984 | **Accident:** No | **Booking#:** | **Witness(s)\Victim(s)\Interpreter(s):** |
| **Viol Date:** 08/02/13 | **Radar:** No | **Jail:** | |
| **Filing Date:** 08/06/13 | **Paced:** No | **Release:** | |
| **Type:** Traffic Citation | **Seatbelt:** No | **Release Date:** | |
| **Juris:** Pope County | **Speed:** 0 / 0 | **Bond Amt:** $ 0.00 | |
| **PIN#:** | **BAC:** 0.00 | **Bond Co:** | |
| **Officer :** Whorton, Gerry | | **Statute#:** 18-16-101 | |
| **Comments:** | | | |

## Charge Information

| Chrg Doc#: | Chrg# | Cnt#: | Off#: | Charge | Plea | Finding | Disposition |
|---|---|---|---|---|---|---|---|
| 034984 | 1 | 1 | 1 | Failure To Vacate | Not Guilty | Dismissed | Finding Entered |

## Order Information

| Chrg Doc# | Chrg# | Date | Type | Description | Start | Due | Mon | Unit | T/P # | Qty Amt | Susp Qty |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 034984 | 1 | 08/20/13 | Sentence | Fine, Cost, Fee & Restitution | 08/20/13 | 08/20/13 | Yes | | | $ 150.00 | $ 0.00 |

**Order Total:** $ 150.00   **Adj Total:** $ 150.00   **Total Receipts:** $ 0.00   **Balance:** **$ 0.00**

## Event Information

| Date | Description | Employee | Event Text |
|---|---|---|---|
| 08/06/13 | Charge Document | KEO | Charge Document# 034984 filed 08/06/13.  Initial Assessment for $30.00 of Fine; $100.00 of Cost; Fees of ($20.00 for County Jail Fee;) for Total Fees of $20.00 ; for a Total Amount of $150.00. |
| 08/06/13 | Activity | KEO | Initially Set for Arraignment on Tue 08/13/13 at 08:30 AM. |
| 08/13/13 | PleaFindDispo | BLC | In Court ( Arraignment On 08/13/13), On Chrg# 1 ( 18-16-101-Failure To Vacate ).  Defendant Plead: Not Guilty. |
| 08/13/13 | Re-Scheduled | BLC | Hearing Rescheduled From 08/13/13 ( Arraignment) To 08/20/13 ( Bench Trial). Requested By The Court. |
| 08/13/13 | Disposition | BLC | Case Hearing( Arraignment on 08/13/13) Completed by presiding Judge ( Bourne, Don W ) .Prosecutor ( Division, Prosecutor) present. |
| 08/20/13 | PleaFindDispo | BLC | In Court ( Bench Trial On 08/20/13), On Chrg# 1 ( 18-16-101-Failure To Vacate ).  Defendant Plead: Not Guilty.  Court Dismissed This Charge For The Reason Of Requested By Prosecutor.  Finding Entered. |
| 08/20/13 | Order | BLC | In Court ( Bench Trial On 08/20/13), On Chrg# 1 ( 18-16-101-Failure To Vacate), Fine, Cost, Fee & Restitution Order Vacated Due To Finding Of Dismissed. |
| 08/20/13 | Disposition | BLC | Case Hearing( Bench Trial on 08/20/13) Completed by presiding Judge ( Bourne, Don W ) .Prosecutor ( Division, Prosecutor) present. |

**RentDebt Automated Collections, LLC**
2802 Opryland Drive
Nashville, TN 37214
866-376-7834

DATE: 06/18/2014          ACCOUNT TRANSACTION HISTORY              PAGE:    1

------------------------------------------------------------------------
JXR

          TRISHA CLARK                            ACCOUNT #: RD579704
          307 howard lane
          DARDANELLE AR   72834


CREDITOR NAME: SHILOH CREEK APTS I & II/SANDSTONE    CODE: A4563

    DATE LISTED:    05/14/2014
    AMOUNT LISTED:   $3,226.95


------------------------------------------------------------------

|          |             |        |      | TRANS  |         |
| DATE     | TRANSACTION | RCPT # | PERS | AMOUNT | BALANCE |
| -------- | ----------- | ------ | ---- | ------ | ------- |
| 05/14/2014 | New Account |      | PCA  | 3226.95 | 3226.95 |
|          |             |        |      |        | ======== |
|          |             |        | CURRENT BALANCE: | | 3226.95 |


          IF PAYING BY CREDIT CARD: If you reverse this payment charge
          through the chargeback policy of Visa, MasterCard, or Discover,
          RDAC and the above referenced client reserve the right to
          initiate new collection efforts on the above referenced debt
          against you.

               THIS IS AN ATTEMPT TO COLLECT A DEBT.
          ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.


PLAINTIFF'S
EXHIBIT
F

RentDebt Automated Collections, LLC
2802 Opryland Drive
Nashville, TN 37214
866-376-7834

DATE: 06/18/2014          ACCOUNT TRANSACTION HISTORY          PAGE:   1

------------------------------------------------------------------------
JXR

        ROBERT CLARK                          ACCOUNT #: RD579704
        307 howard lane
        DARDANELLE AR   72834

CREDITOR NAME: SHILOH CREEK APTS I & II/SANDSTONE      CODE: A4563

   DATE LISTED:    05/14/2014
 AMOUNT LISTED:    $3,226.95

------------------------------------------------------------------

|  |  |  |  | TRANS |  |
| DATE | TRANSACTION | RCPT # | PERS | AMOUNT | BALANCE |
| ---------- | ----------------- | ------- | ---- | --------- | --------- |
| 05/14/2014 | New Account |  | PCA | 3226.95 | 3226.95 |
|  |  |  |  |  | ---------- |
|  |  |  | CURRENT BALANCE: |  | 3226.95 |

IF PAYING BY CREDIT CARD: If you reverse this payment charge
through the chargeback policy of Visa, MasterCard, or Discover,
RDAC and the above referenced client reserve the right to
initiate new collection efforts on the above referenced debt
against you.

        THIS IS AN ATTEMPT TO COLLECT A DEBT.
    ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Printed 11/14/2013 9:35:08 AM                                          Page   1  Of   1

**CLOSING STATEMENT**

R.U.M., Inc -- Shiloh Creek                          R.U.M., Inc.-- Shiloh Creek
P O. Box 181060
Fort Smith  AR 72916


Robert & Trisha Clark                          008 0817-07
803 Sandstone Circle. #0817-07                 803 Sandstone Circle, #0817-07
Russellville  AR 72801                         Russellville, AR 72801

| | | |
|---|---|---|
| Current Deposit Balance | | $0.00 |
| Less Outstanding Charges and Credits | | |
| | | |
| 08/01/2013 | forfeit deposit | $100.00 |
| 08/01/2013 | relet fee | $550.00 |
| 08/01/2013 | rent due thru 10/31/13 | $1,550.00 |
| 11/14/2013 | damages  new carpet/trash out/no keys/hole in wall/ extra cleaning | $1,026.95 |
| | | |
| Total Outstanding Charges and Credits | | $3,226.95 |
| | | |
| Balance due from tenant | | $3,226.95 |

## SEE THE FOLLOWING INFORMATION FOR YOUR STATE OF RESIDENCE

We are required under state law to notify consumers of the following rights. The following notices apply to persons who reside in those states. This list does not contain a complete list of the rights consumers have under state and federal law.

Our normal hours of operations are Monday-Thursday 8:00 am to 5:00 pm, Friday 8:00 am to 3:00 pm. Our toll free phone number is **866-376-7838**.  All correspondence to us should be sent to the following address:
**RentDebt Automated Collections, LLC, 2802 Opryland Drive, Nashville, TN 37214**

**California Residents**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.
As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**Colorado Residents**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.
Local Office: 13111 E. Briarwood Ave. #340, Centennial, CO. 80112, 720-508-1781.

**Maine Residents**
Our normal hours of operations are Monday-Thursday 8:00 am to 5:00 pm, Friday 8:00 am to 3:00 pm. Our phone number is 866-376-7838.

**Massachusetts Residents**
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**Minnesota Residents**
This collection agency is licensed by the Minnesota Department of Commerce.

**New York City Residents**
New York City Department of Consumer Affairs License Number: 1319392.

**North Carolina Residents**
North Carolina permit number: 102834

**Tennessee Residents**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance of Tennessee.

**Utah Residents**
As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.