**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ROBERT CLARK; and							PLAINTIFFS
TRISHA CLARK

v.					No. 4:14CV00411 JLH

R.U.M., individually and d/b/a
SHILOH CREEK APARTMENTS; and
RENTDEBT AUTOMATED
COLLECTION SERVICES, LLC					DEFENDANTS

**OPINION AND ORDER**

Robert and Trisha Clark commenced this action against R.U.M., Inc., d/b/a Shiloh Creek Apartments, and RentDebt Automated Collection Services, LLC, seeking damages for wrongful eviction, violation of landlord/tenant law, conversion, abuse of process, malicious prosecution, defamation, constructive fraud and violations of the Arkansas Deceptive Trade Practices Act ("ADTPA") against R.U.M., as well as damages from RentDebt for constructive fraud, negligence, violation of the ADTPA, and violation of the Fair Debt Collection Practices Act ("FDCPA").

R.U.M. has filed a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Document #5. The plaintiffs have responded. Document #8. For the following reasons, the motion to dismiss is granted.

**I.**

R.U.M. is an Arkansas corporation and owner of the Shiloh Creek Apartments. Document #1 at 2 ¶¶ 5 and 6. RentDebt is a foreign limited liability company with its principal place of business in Tennessee. *Id.* at 3 ¶ 8.

The Clarks leased an apartment at Shiloh Creek Apartments beginning May 1, 2013. *Id.* at 5 ¶ 27. In July 2013, R.U.M. served the Clarks with a notice to vacate. *Id.* ¶ 31. R.U.M. locked the

Clarks out of their apartment on August 7, 2013. *Id.* at 6 ¶ 35. The Clarks allege that the eviction was wrongful and seek damages. *Id.* at 6 ¶¶ 35-37. RentDebt sought to collect the alleged debt owed to R.U.M. due to the Clarks' eviction. *Id.* at 7 ¶ 40.

The Clarks allege that RentDebt failed to provide the Clarks with proper notice under the FDCPA because it failed to provide the following statements: that the Clarks had the right to dispute the alleged debt; a copy of verification or judgment of the alleged debt; and a statement regarding the name and address of the original creditor. *Id.* at 18-19 ¶¶ 118-20.

The claims in this case against R.U.M. include: wrongful eviction, violation of landlord/tenant law, conversion, abuse of process, malicious prosecution, defamation, constructive fraud and violations of the ADTPA – all of which arise under Arkansas law. Document #1 at 2 ¶ 2. The claims against RentDebt are constructive fraud, negligence, violation of the ADTPA and violation of the FDCPA. *Id.* The Clarks assert that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to § 1367(a) over the state-law claims. Document #8 at 2-3.

## II.

A 12(b)(1) motion to dismiss due to lack of subject matter jurisdiction brings into question the Court's authority to hear a case. The burden is on the plaintiff to establish that subject matter jurisdiction exists. *VS Ltd. P'ship v. Dep't of Hous. and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). If diversity jurisdiction does not exist, a federal question should be pled on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). When a defendant raises "a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to

allege an element necessary for subject matter jurisdiction." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). A Court should only consider the facts alleged in the complaint, not extraneous evidence. *Id.*

### III.

The Clarks concede that diversity jurisdiction is not present. A district court has federal question jurisdiction under 28 U.S.C. § 1331 when a civil case "arise[s] under the Constitution, laws, or treaties of the United States." While a federal claim is alleged against RentDebt, the only claims alleged against R.U.M. are state claims.

The Clarks contend, however, that this Court has supplemental jurisdiction over their claims against R.U.M. under 28 U.S.C. § 1367(a), which provides, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Claims are so related to the claim with original jurisdiction that they form part of the same case or controversy when they "'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1067 (8th Cir. 1996) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349, 108 S. Ct. 614, 618, 98 L. Ed. 2d 720 (1988)). When the claims arise from a common nucleus of operative fact, supplemental jurisdiction is mandatory absent an exception. *S. Council of Indus. Workers v. Ford*, 83 F.3d 966, 969 (8th Cir. 1996).

All of the Clarks' claims arise from R.U.M.'s actions in the allegedly wrongful eviction of the Clarks. Due to the eviction, R.U.M. hired RentDebt to collect the outstanding rent, damages fee

3

and relet fee.  RentDebt's collection actions on behalf of R.U.M. gave rise to the FDCPA claim.  Thus, the state and federal claims arise from a common nucleus of operative fact, and the Clarks would expect to try them in one proceeding.  Therefore, it is mandatory that these be tried together under 28 U.S.C. § 1367(a) unless an exception applies.

> This Court "may decline to exercise supplemental jurisdiction" if:
>
> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (c) (1)-(4).  This determination is left to the discretion of the Court.  *McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994).

This is an ordinary landlord/tenant dispute in which the landlord evicted the tenant, and the tenant contends that the eviction was unlawful.  All of the Clarks' claims against R.U.M. center on whether the eviction was unlawful, and, as noted, all of them are based on Arkansas law.  The lone federal claim is a claim against RentDebt.  The Clarks allege that RentDebt failed to provide the Clarks with proper notice under the FDCPA because it failed to provide the following statements: that the Clarks had the right to dispute the alleged debt; a copy of verification or judgment of the alleged debt; and a statement regarding the name and address of the original creditor.  Document #1 at 18-19 ¶¶ 118-20.  The state claims are the heart of the controversy, are more numerous, and are likely to be more heavily litigated.  Therefore, the state-law claims substantially predominate over the FDCPA claim.  *See generally Crews & Assocs., Inc. v. Nuveen High Yield Mun. Bond Fund*, 783 F. Supp. 2d 1066, 1070-71 (E.D. Ark. 2011).

**CONCLUSION**

The Court declines to exercise supplemental jurisdiction over the Clarks' claims against R.U.M., because the state-law claims against R.U.M. substantially predominate over the federal law claim. R.U.M.'s motion to dismiss is GRANTED. Document #5. The Court retains jurisdiction over the Clarks' action against RentDebt.

IT IS SO ORDERED this 15th day of September, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE